```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MATTHEW WEBSTER,<br><br>         Plaintiff,<br><br>     v.<br><br>DOLGENCORP, LLC, BOB MILLER,<br>VINCE TRIBOLETTI, et al.,<br>         Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 13-0690<br>         (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES**:

RANDY P. DAVENPORT, ESQUIRE
242 Old New Brunswick Road, Suite 360
Piscataway, New Jersey 08854
         Counsel for Plaintiff

MORGAN, LEWIS & BOCKIUS LLP
By:  August W. Heckman, Esquire
502 Carnegie Center
Princeton, New Jersey 08540
         Counsel for Defendants

**IRENAS**, Senior District Judge:

   Plaintiff Matthew Webster initiated this action against Defendant Dolgencorp, LLC ("Dolgencorp")[1] and several of its employees[2] alleging employment discrimination.[3]  Pending before

---

[1] Plaintiff concedes that this is the correct identification of Defendant and not Dollar General, Inc., as was indicated in the Complaint.  (*See* Pl.'s Br. in Opp'n 7)

[2] As discussed below, the individual defendants have not yet been properly served with the Summons and Complaint.  (Notice of Removal ¶ 3)

[3] Plaintiff filed his Complaint in the Superior Court of New Jersey, Civil Law Division, Gloucester County.  On February 4, 2013, Dolgencorp removed the

the Court is Dolgencorp's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) all of Plaintiff's claims except for Plaintiff's religious discrimination and failure to accommodate claims under Title VII.  For the reasons stated herein, the Motion will be granted in part and denied in part.

**I.**

For the purposes of this Motion, the Court accepts as true the facts as alleged in the Complaint.[4]

Defendant owns several retail stores in New Jersey and operates them as Dollar General, Inc. ("Dollar General"). (Compl. ¶ 2)  Plaintiff, a practicing Seventh Day Adventist, was formerly employed by Dollar General.  (*Id.* ¶ 1)

On or about August 12, 2010, Plaintiff accepted an offer from Dollar General's district manager, Bob Miller ("Miller"), to become the store manager of Dollar General's Sicklerville, New Jersey location.  (*Id.* ¶¶ 3, 9)  The parties agreed that Plaintiff would not be required to work on Saturday "without

---

case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.  The Court exercises subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state claims pursuant to 28 U.S.C. § 1367.

[4] Dolgencorp disputes some of these allegations and attaches several documents to the instant Motion.  These documents, which have not yet been authenticated, include Plaintiff's job application, handwritten letter, and signed acknowledgement form.  *See* Mot. to Dismiss Exs. A-C.  However, as discussed below, the Court cannot consider these documents at this time because they were not attached to the Complaint and do not form the basis of Plaintiff's claim.

exception" and that Plaintiff "would not be dismissed without legitimate and lawful cause." (*Id.* ¶¶ 72, 74)  Additionally, when applying for the position in July 2010, Plaintiff stated in his job application that he "would never be available to work from sunset on Fridays to sunset on Saturdays" because his religion required him to observe the Sabbath and abstain from working on Saturdays.[5]  (*Id.* ¶¶ 1, 8)

While Dollar General accommodated Plaintiff for a brief period of time, Plaintiff was eventually required to work on a Saturday.  (*Id.* ¶¶ 10, 11)  Thereafter, when Plaintiff was called in to work on a second Saturday, Plaintiff objected, stating that he could not work on Saturdays for religious reasons and that he had noted this on his job application.  (*Id.* ¶ 11)

Sometime later, Miller directed Plaintiff to contact Vince Triboletti ("Triboletti"), the manager of Dollar General's store in Berlin, New Jersey, who needed assistance.  (*Id.* ¶ 12) Plaintiff called Triboletti on or about October 26, 2010.  (*Id.*) During the conversation, Triboletti "became angry" when

---

[5] While the Court does not consider Plaintiff's job application for the purposes of the instant Motion, the Court recognizes that the application tends to undermine Plaintiff's allegation that he stated he would be unable to work on Saturday because of religious reasons.  (*See* Mot. to Dismiss Ex. A)  Plaintiff appears to be relying on a table he completed in the application detailing the time that he would be available to work.  In this table, Plaintiff wrote that he would only be available to work on Fridays from 6:00 AM until 6:00 PM and on Saturdays from 6:00 PM until 11:00 PM. Nowhere does Plaintiff state that his availability would vary based on the sunset times, nor does he indicate that religious reasons dictated this schedule.

3

Plaintiff said that he could not work on Saturday. (*Id.*) The following day, Miller went to Plaintiff's store in Williamstown and told him that he would not be allowed to work at the Berlin store. (*Id.* ¶ 13) Miller also ordered Plaintiff to provide a written statement explaining why he could not work on Saturdays. (*Id.*)

On or about November 1, 2010, Miller went to Plaintiff's store again and informed him that he would have to either work on Saturdays or accept a demotion with a reduction in hours. (*Id.* ¶ 14) Plaintiff alleges that employees who asked for Sundays off were not subject to such conditions and were freely granted time off. (*Id.* ¶ 15) When Plaintiff refused to accept either option, Miller asked Plaintiff for his keys "and escorted him out of the store." (*Id.* ¶ 16)

The Complaint further alleges that during the course of his employment, Plaintiff was subject to "repeated comments, statements and harassment" because of his religion. (*Id.* ¶¶ 39, 66)

On or about September 25, 2012, the U.S. Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue authorizing Plaintiff to sue under Title VII of the Civil Rights Act of 1964. (*Id.* ¶ 20) On December 20, 2012, Plaintiff filed suit in the Superior Court of New Jersey, Civil Law Division, Gloucester County against Dolgencorp, Miller, Triboletti, and

4

several unnamed Dollar General employees and unnamed corporations.  Plaintiff's Complaint asserts ten Counts, including violations of Title VII (Counts One - Three) and the New Jersey Law Against Discrimination ("NJLAD") (Counts Four - Seven), breach of contract and the implied covenant of good faith and fair dealing (Counts Eight - Nine), and intentional infliction of emotional distress (Count Ten).

On February 4, 2013, Dolgencorp removed the case to this Court.  (Dkt. No. 1)  Dolgencorp now moves to dismiss all claims except for Plaintiff's Title VII religious discrimination and failure to accommodate claims (Counts One and Two) pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224,

231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When evaluating a Rule 12(b)(6) motion to dismiss, the Court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). A document forms the basis of a claim when it is "integral to or explicitly relied upon in the complaint." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

## III.

Dolgencorp first argues that Plaintiff's NJLAD claims are outside the statute of limitations. Dolgencorp further argues that Plaintiff's hostile work environment claims under Title VII

and the NJLAD fail as a matter of law.  Third, Dolgencorp argues that Plaintiff's claims for breach of contract and the implied covenant of good faith and fair dealing fail because there was no contract.  Fourth, Dolgencorp argues that Plaintiff's claim for intentional infliction of emotional distress is time-barred, or alternatively, that it fails as a matter of law.  Finally, Dolgencorp moves to dismiss all claims brought against the individually named defendants.  The Court addresses each argument in turn.

### A.   NJLAD Claims

Dolgencorp asserts that Plaintiff's NJLAD claims are barred by the applicable statute of limitations.  (Def.'s Reply Mem. of Law 2)   The Court agrees.

The Third Circuit allows a limitations defense to be raised in a motion to dismiss when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Thomas v. Care Plus of N.J., Inc.*, 484 F. App'x 692, 693 (3d Cir. 2012) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)); *see also W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 105 n.13 (3d Cir. 2010).  "[A] court may dismiss an action if the complaint shows facial noncompliance with the statute of limitations." *Wolk v. Olson*, 730 F. Supp. 2d 376, 377 (E.D. Pa. 2010) (citing

7

*Jones v. Bock,* 549 U.S. 199, 215 (2007), and *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)).

Claims under the NJLAD are subject to a two-year statute of limitations. *Montells v. Haynes*, 133 N.J. 282, 286 (1993); *Henry v. N.J. Dep't of Human Servs.*, 204 N.J. 320, 324 (2010). In the instant case, November 1, 2010 is the last day on which the Complaint alleges that any wrongful action was taken against Plaintiff. Because Plaintiff's Complaint was filed on December 20, 2012, more than two years later, all of Plaintiff's NJLAD claims (Counts Four - Seven) are time-barred. Accordingly, they will be dismissed with prejudice.

### B. Hostile Work Environment

Next, Dolgencorp argues that Plaintiff failed to adequately plead facts supporting a hostile work environment claim under Title VII (Count Three). (Mot. to Dismiss 9-12) Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). A hostile work environment exists when an employer's discriminating conduct is "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working

environment." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (quoting *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986)).

To state a claim for a hostile work environment based on religious discrimination under Title VII, an employee must allege the following: "1) the employee suffered intentional discrimination because of [his religion], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person [of the same religion] in like circumstances, and 5) the existence of *respondeat superior* liability." *Id.* (citation omitted); *see also Abramson v. William Patterson Coll. of N.J.*, 260 F.3d 265, 276-77 (3d Cir. 2001).

To fall within the purview of Title VII, the discriminatory conduct must have been sufficiently severe or pervasive so that the work environment was both subjectively and objectively hostile or abusive. *Ullrich v. U.S. Sec'y of Veterans Affairs*, 457 F. App'x 132, 140 (3d Cir. 2012) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)). To determine whether the work environment was hostile or abusive, the court must consider the totality of the circumstances. *Mandel*, 706 F.3d at 168 (citing *Harris*, 510 U.S. at 23). These circumstances include "the frequency of the discriminatory conduct; its

9

severity; whether it [was] physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfere[d] with [the] employee's work performance." *Id.*

The analysis "must concentrate not on individual incidents, but on the overall scenario." *Caver v. City of Trenton*, 420 F.3d 243, 262-63 (3d Cir. 2005) (quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1484 (3d Cir. 1990)). Thus, "isolated incidents (unless extremely serious) are not sufficient to sustain a hostile work environment claim." *Id.* at 262 (quoting *Faragher v. City of Boca Raton,* 524 U.S. 775, 788 (1998)) (internal quotation marks omitted).

In the instant case, Plaintiff merely alleges that he was subjected to a hostile work environment because of "repeated comments, statements and harassment based upon his creed." (Compl. ¶¶ 39, 66) Other than this vague and conclusory allegation, Plaintiff's only factual support for a hostile work environment stems from the single incident on October 26. The Complaint claims that following Plaintiff's refusal to work on Saturday, his coworker Triboletti "became angry" with him, and his supervisor Miller ordered him to provide a written statement explaining why he could not work on Saturdays. (*Id.* ¶¶ 12, 13) This isolated incident hardly amounts to the severe or pervasive discriminatory conduct required for a plausible hostile work

10

environment claim. Unless extremely serious, isolated incidents are not sufficient to sustain a hostile work environment claim. *Caver*, 420 F.3d at 262.

Because Plaintiff has not provided any further allegations of "comments, statements and harassment" made to him, he has failed to plausibly allege a hostile work environment under Title VII, and his claim (Count Three)[6] will be dismissed without prejudice.[7]

---

[6] Dolgencorp also argues that the NJLAD hostile work environment claim (Count Seven) fails as a matter of law. While the Court finds that Plaintiff's NJLAD hostile work environment claim is time-barred, it also notes that Plaintiff failed to plausibly allege such a claim. The NJLAD provides a cause of action for a hostile work environment. *See Abramson*, 260 F.3d at 277 (setting out the elements of an NJLAD hostile work environment claim based on religious discrimination). The analysis of a NJLAD claim generally follows the analysis of a Title VII claim. *Schurr v. Resorts Int'l Hotel, Inc.*, 196 F.3d 486, 498 (3d Cir. 1999); *see also Taylor v. Metzger*, 152 N.J. 490, 507 (1998) (stating that the "severe or pervasive" test under the NJLAD conforms to the standard required by Title VII and that "it will be a rare and extreme case in which a single incident will be so severe" as to sustain a hostile work environment claim). Accordingly, the Court's analysis applies equally to Plaintiff's NJLAD hostile work environment claim (Count Seven).

[7] The Court notes that there is a question as to whether Plaintiff properly exhausted his required administrative remedies prior to bringing his Title VII hostile work environment claim.
    To bring a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing a charge of discrimination with the EEOC and procuring a notice of the right to sue. *Mandel*, 706 F.3d at 163; *see also* 42 U.S.C. § 2000e-5 (outlining the procedural requirements). Once a right-to-sue letter is issued, the plaintiff's claims must be limited to acts that are "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996).
    Although Plaintiff neither provided this Court with a copy of his EEOC charge, nor described the charge's factual basis in his Complaint, Dolgencorp has introduced a copy of an EEOC charge filed by Plaintiff on November 2, 2010, the day after his termination. (Def.'s Reply Mem. of Law Ex. A) The Court may review this document because it is integral to Plaintiff's claims. The EEOC charge complains only of religious discrimination arising from Plaintiff's discharge. In the EEOC charge, Plaintiff indicated November 1 2010, the date of his termination, as the only day on which discrimination took place, and the Summary of the Particulars section describes facts solely relating to the discharge. Nowhere did Plaintiff present any facts that

### C. Breach of Contract and Implied Covenant of Good Faith and Fair Dealing

Plaintiff asserts claims for breach of contract and the implied covenant of good faith and fair dealing alleging that Dolgencorp expressly promised never to require Plaintiff to work on Saturday and not to terminate him without cause. (Counts Eight and Nine)

The Court turns first to the breach of contract claim. To state a claim for breach of contract in New Jersey, a plaintiff must allege "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

Additionally, under New Jersey law, employment is at-will, and either party can terminate the employment relationship "unless an agreement exists between the parties that provides otherwise." *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 308 (3d Cir. 2004) (citation omitted). Thus, the at-will presumption may be overcome "where such intention is

---

would suggest a hostile work environment, nor did he check the box indicating that the discrimination was a "continuing action." Thus, Plaintiff's hostile work environment claim is not within the scope of this EEOC charge. *See Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010).
   Nevertheless, drawing all inferences in favor of Plaintiff, the Court is reluctant to dismiss the Title VII hostile work environment claim on this basis alone. The Court does not have enough information at this time to determine whether Plaintiff filed any other charge of discrimination with the EEOC.

12

'specifically stated in explicit, contractual terms.'" *Anderson v. DSM N.V.*, 589 F. Supp. 2d 528, 534 (D.N.J. 2008) (quoting *Bernard v. IMI Sys., Inc.*, 131 N.J. 91, 106 (1993)).

In the instant case, Plaintiff plausibly alleges that Dolgencorp breached an express contract by requiring him to work on Saturday and by terminating him without cause. Plaintiff clearly alleges that he entered into an employment contract with Dollar General on or about August 12, 2010 (Compl. ¶¶ 9, 71), and that as part of that contract, the parties expressly agreed that Plaintiff would not be required to work on Saturday and would not be terminated without cause. (*Id.* ¶ 72, 74) Plaintiff further asserts that Dolgencorp breached these express terms by first requiring him to work on Saturday, and then terminating him (*id.* ¶ 75), despite him having performed his duties "in an exemplary and unimpeachable manner." (*Id.* ¶ 17) Finally, Plaintiff alleges that he suffered damages as a result of this conduct. (*Id.* ¶ 76) These allegations state a plausible claim for breach of contract.

Dolgencorp argues that it never agreed to such terms with Plaintiff. (Mot. to Dismiss 13-14) In support of its contention, Dolgencorp urges the Court to consider Plaintiff's job application and a document titled "Employment & Handbook Acknowledgement" ("Acknowledgement Form"), in which Plaintiff is

13

claimed to have acknowledged that his employment was only at-will.  (Mot. to Dismiss 13-14, Exs. A, C)

Aside from the fact that these documents do not undermine Plaintiff's claim that the parties agreed that he would not be required to work on Saturday, Dolgencorp essentially asks the Court decide the merits of Plaintiff's claim with respect to his termination.  However, Rule 12(b)(6) tests only the sufficiency of the Complaint and the Court cannot consider these documents at this time.  The documents were introduced by Dolgencorp and do not form the basis of Plaintiff's claim since they are not *integral to or explicitly relied upon* in the Complaint.[8]

Moreover, even if the Court were to consider the documents, it would not change the outcome.  Although according to the Acknowledgment Form, Dollar General's employees are employed at-will by default, the Acknowledgement Form specifically contemplates that the parties may agree otherwise.  (Mot. to Dismiss Ex. C)  As the Acknowledgment Form states, "unless otherwise agreed in writing . . . all Dollar General employees are employed on an at-will basis."  Plaintiff specifically alleges that the parties did in fact agree that he would be terminated only for cause.  Therefore, the Acknowledgement Form

---

[8] The Acknowledgement Form is clearly not the contract referenced in the Complaint.  It does not contain any contractual provisions agreed upon by the parties.  Instead, it is a standard form that Dollar General requires all employees to initial acknowledging their responsibility to read and understand its Employee Handbook.

14

does not undermine Plaintiff's breach of contract claim with respect to his termination.

Thus, considering only the facts as alleged in the Complaint, Plaintiff has stated a plausible claim for breach of contract and the Court cannot dismiss it at this stage.

Lastly, Plaintiff also states a plausible claim for breach of the implied covenant of good faith and fair dealing.  In New Jersey, every contract contains an implied covenant of good faith and fair dealing.  *Wood v. N.J. Mfr. Ins. Co.*, 206 N.J. 562, 577 (2011).  The covenant requires that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Id.*  Thus, a defendant who acts with ill motives and without any legitimate purpose is liable for breaching the implied covenant when the plaintiff's "reasonable expectations are destroyed."  *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 267 (3d Cir. 2008) (quoting *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc.*, 182 N.J. 210, 226 (2005)).  Because Plaintiff has adequately alleged the existence of an employment contract, his claim for breach of the implied covenant of good faith and fair dealing stands.

### D. Intentional Infliction of Emotional Distress

Dolgencorp next asserts that Plaintiff's claim for intentional infliction of emotional distress is barred by the applicable statute of limitations. (Mot. to Dismiss 16) The Court agrees.

As discussed above, a limitations defense may be raised in a motion to dismiss when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Thomas v. Care Plus of N.J., Inc.*, 484 F. App'x at 693 (3d Cir. 2012) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)).

In New Jersey, intentional infliction of emotional distress claims are subject to a two-year statute of limitations. N.J. STAT. ANN. § 2A:14-2;[9] *see also Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 85 (2006). In the instant case, November 1, 2010 is the last day on which Plaintiff alleges any wrongful action was taken against him. Because Plaintiff filed his Complaint more than two years later, the intentional infliction of emotional distress claim (Count Ten) is time-barred. Accordingly, it will be dismissed with prejudice.[10]

---

[9] N.J. Stat. Ann. § 2A:14-2 provides, "Every action at law for an injury to the person caused by the wrongful act . . . of any person . . . shall be commenced within 2 years next after the cause of any such action shall have accrued."

### E. Individual Claims

Lastly, Dolgencorp moves to dismiss all claims brought against the individually named defendants. (Mot. to Dismiss 18-21) Despite the considerable confusion in Defendants' papers, it is clear that the individual defendants do not join the instant Motion. While the individual defendants are represented by the same attorneys as Dolgencorp (*see* Notice of Removal ¶ 1), the Motion was only brought on behalf of Dolgencorp and not the individual defendants.[11] The moving papers state unequivocally that the individual defendants "do not appear in this action or join the instant motion." (Mot. to Dismiss 1, n.1) Instead Dolgencorp claims that the individual defendants were never properly served with the Summons and Complaint. (*See id.*, Notice of Removal ¶ 3) However, Dolgencorp cannot move to dismiss claims that were not brought against it. Accordingly, its Motion to Dismiss the claims brought against the individually named defendants will be denied as moot.

---

[10] The Court notes that Plaintiff has not alleged a plausible claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress, a plaintiff must allege conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Taylor*, 152 N.J. at 509. Moreover, the defendant is not liable unless he acted with the intent to produce emotional distress, or was reckless in deliberate disregard of a high degree of probability that emotional distress will occur. *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988). The facts pled hardly rise to this standard.

[11] In fact, even the Notice of Removal was filed only on behalf of Dolgencorp and not the individual defendants. (*See* Notice of Removal 2)

**IV.**

For the foregoing reasons, Dolgencorp's Motion to Dismiss is granted in part and denied in part. The Motion is denied as to the claims for breach of contract and implied covenant of good faith and fair dealing (Counts Eight and Nine), and is denied as moot as to all claims against the individually named defendants. The Motion is granted as to the Title VII hostile work environment claim (Count Three), the NJLAD claims (Counts Four – Seven), and the claim for intentional infliction of emotional distress (Count Ten). However, Plaintiff will be granted leave to file a Motion to Amend his Complaint as to the Title VII hostile work environment claim. An appropriate Order accompanies this Opinion.

Date:   August 22, 2013

/s/ Joseph E. Irenas

**Joseph E. Irenas, S.U.S.D.J.**