IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATTHEW WEBSTER,<br><br>              Plaintiff,<br><br>     v.<br><br>DOLLAR GENERAL, INC., BOB MILLER, VINCE TRIBOLETTI, JOHN DOES 1-20 (*hitherto unknown employees or principals of Dollar General, Inc.*), JANE DOES 1-20 (*hitherto unknown employees or principals of Dollar General, Inc.*), and ABC CORPORATIONS 1-10 (*hitherto unknown employees or principals of Dollar General, Inc.*),<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>No. 13-690 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this employment discrimination action, Defendants Dollar General, Inc., Bob Miller, and Vince Triboletti (hereinafter, "Defendants" or "Dollar General") move for summary judgment based upon their belief that the undisputed record demonstrates, as a matter of law, that they had no obligation to accommodate Plaintiff Matthew Webster's (hereinafter, "Plaintiff") religious observances, because doing so would have imposed an undue burden on their ability to operate their Sicklerville, New Jersey location. (See generally Defs.' SMF Br. at 6-27.) Defendants' position, however, critically rests upon the declarations of

eight of their own employees, none of whom they identified throughout the several years of pretrial factual discovery in this action.[1]

As a result of Defendants' reliance upon these newly minted witnesses, Plaintiff moves to exclude these declarations or, in the alternative, to reopen discovery. [See Docket Items 56.] Rather than simply challenge Plaintiff's motion on its merits, Defendants, in turn, move to strike the certification submitted by Plaintiff in his motion to exclude, on technical and unavailing bases.[2] [See Docket Item 63.] Critically, though, Defendants do not dispute that they failed to identify the disputed declarants, as required by the Federal Rule of Civil Procedure 26(a), as well as in answers to discovery requests. (See Defs.' Strike Opp'n at 2-11.) Rather, they recast their own discovery misconduct as harmless, because they advance only the "obvious" theory held by Defendants since the outset of this litigation. (See id. at 2-10.) Against that backdrop, Defendants claim that Plaintiff should, despite their conduct, be tasked with addressing the declarants' positions on the

---

[1] Following a number of extensions, pretrial factual discovery concluded on January 30, 2015. [See Docket Item 34.]
[2] Defendants separately filed a motion objecting to certain evidence submitted by Plaintiff in opposition to Defendants' summary judgment motion. [See Docket Item 64.] These objections, however, will be addressed in the Court's ultimate decision on Defendants' dispositive motion.

merits, without any corresponding opportunity for inquiry.  (See
id. at 2-10.)

     For the reasons that follow, Defendants' motion to strike
will be denied, and Plaintiff's motion to exclude will
substantially be granted.  More specifically, the Court will
strike the declarations of Cheryl Sammons, Devon Nazar, and
Courtney Kendig, and will permit Plaintiff to engage in limited
discovery, at Defendants' expense, with respect to the
declarations of William Bass, Greg Collins, Jeremy Hause, Stacy
Kirby, and Amberlee Garrison.  The Court finds as follows:

     1.   **Factual and Procedural Background**.[3]  In August 2010,
Dollar General hired Plaintiff, a practicing Seventh day
Adventist, to become the store manager of Dollar General's then-
unbuilt Sicklerville, New Jersey location.  See generally
Webster v. Dolgencorp, LLC, Civil Action No. 13-690, 2013 WL
4501461, at *1 (D.N.J. Aug. 22, 2013).  In this action,
Plaintiff generally alleges that Defendants discriminated
against him (and ultimately terminated his employment), because
his religious observances prevented him from working on
Saturdays.  See id.

---

[3] For purposes of the pending motions, the Court presumes
familiarity with the lengthy factual and procedural
circumstances of this action, and writes primarily for the
parties.

2.   In moving for summary judgment, Defendants claim that they had no obligation to accommodate Plaintiff's religious practices, because his requested accommodation (a work schedule that excluded every Saturday) would impose an undue burden upon the effective operation of the planned Dollar General store. (See, e.g., Defs.' Br. at 6-18.)  More specifically, Defendants take the position that Plaintiff's proposed accommodation would:

1.   Deprive the store of proper leadership and management during the "busiest sales day" of the week;
2.   Divert the assistant store manager from his/her other duties and responsibilities;
3.   Hinder the store's ability to maintain a dedicated staff;
4.   Require store managers from other stores to train the employees at Plaintiff's store;
5.   Impact the store's ability to stay on track each week;
6.   Potentially cause the store to forfeit sales due to inadequately stocked shelves;
7.   Leave the store without an employee capable of completing the store manager's duties; and
8.   Require the other key carriers to work longer shifts or cover additional shifts.

(See Defs.' Br. at 6-18.)

3.   In support of these wide-ranging assertions, Defendants rely upon a diverse cross-section of their own employees, from a variety of locations (corporate, Sicklerville, and Bridgeton) and positions (regional managers, store managers, and associates).  More specifically, Defendants proffer the declarations of

4

1.   William Bass, the Vice President of Store
     Services for Dollar General, Inc.;[4]
2.   Greg Collins, Dollar General's Manager for
     District 702;
3.   Jeremy Hause, Store Manager of the now-built
     Sicklerville location;
4.   Stacy Kirby, Assistant Store Manager of the
     Sicklerville location; and
5.   Amberlee Garrison, Lead Sales Associate of
     the Sicklerville, New Jersey location
     (collectively, the "Sicklerville
     declarants").[5]

Beyond these executive-level and Sicklerville-based

employees, Defendants then attach, for comparative purposes, the

declarations of

1.   Cheryl Sammons, Store Manager of the
     Bridgeton, New Jersey location;
2.   Devon Nazar, Assistant Store Manager of the
     Bridgeton location; and
3.   Courtney Kending, Lead Sales Associate of
     the Bridgeton location (collectively, the
     "Bridgeton declarants").

These certifications, in turn, span several pages, and

discuss an array of topics related to the broad operations of

Dollar General Stores, as well as the more specific practices

and policies of the Sicklerville and Bridgeton locations.  As

relevant here, though, the certifications detail the declarants'

---

[4] Although Mr. Bass discusses the functioning of Dollar General
stores in more generalized terms, Plaintiff agrees with most, if
not all, of his statements, and so the Court includes him under
the rubric of the largely unsurprising Sicklerville declarants.
[5] Defendants also proffer the declaration of Defendant Robert
Miller, the Dollar General's Manager for District 949.  (See
Miller Dec.)  Nevertheless, Plaintiff does not seek to exclude
the declaration of Defendant Robert Miller, who is obviously not
an unidentified witness, and so his declaration is not at issue
here.

opinion on the burdens associated with Plaintiff's proposed accommodation, and all express views unfavorable to Plaintiff. In other words, the declarations form the fabric of Defendants' overall defense of this litigation and their summary judgment briefing.

4.   Despite the centrality of these declarations, however, Defendants never identified these declarants in their initial disclosures under Federal Rule of Civil Procedure 26(a)(1), nor otherwise disclosed their intended reliance upon them in connection with any subsequent discovery.  (See Davenport Cert. at ¶¶ 6-7.)  Nor did Defendants move to reopen discovery to identify these witnesses and their factual knowledge.  As a result, Plaintiff moves to exclude these declarations or, in the alternative, to reopen discovery "so that these new witnesses may be deposed and a supplemental document request can be served upon Defendants."  (Id. at ¶ 17.)  Although Defendants concede their failure to identify these fact witnesses, they nonetheless take the position that Plaintiff cannot demonstrate any prejudice and/or bad faith sufficient to warrant exclusion, nor the existence of any additional discovery that "would preclude summary judgment."[6]  (Defs.' Strike Opp'n at 2-13.)

---

[6] In addition, Defendants quibble with Plaintiff's motion as non-compliant with the briefing requirements of Local Civil Rule 7.1(d).  (See Defs.' Strike Opp'n at 1-2; Defs.' Strike Br. at 2-6; Defs.' Strike Reply at 2-4.)  The Court, of course,

5.    **Standard of Review**.  Federal Rule of Civil Procedure
26(a)(1) provides, in relevant part, that "a party must, without
awaiting a discovery request, provide" to the other party "the
name ... of each individual likely to have discoverable
information ... that the disclosing party may use to support its
claims or defenses."  If a party fails to abide by these
disclosure requirements, the party may not "use that information
to supply evidence on a motion ... unless the failure was
substantially justified or is harmless."  FED. R. CIV. P.
37(c)(1).[7]

6.    In determining whether to strike untimely disclosed
evidence under this standard, the Court of Appeals for the Third

---

recognizes that Plaintiff's submission of a certification
(without any accompanying statement) falls short of the
requirements of Local Civil Rule 7.1(d), and that the concluding
language of the certification does not precisely mirror that
required by 28 U.S.C. § 1746.  Nevertheless, the essence of
Plaintiff's motion (and its supporting certification) concerns
the undisputed reality that Defendants propose to rely upon
previously unidentified fact witnesses in support of summary
judgment.  Against that backdrop, these deficiencies alone prove
insufficient to deny Plaintiff relief, particularly given the
simple nature of Plaintiff's request, and the obviousness of
Defendants' own noncompliance with the obligation to identify
such witnesses during discovery.  For all of these reasons,
Defendants' motion to strike Plaintiff's certification will be
denied.

[7] In addition to or instead of exclusion, the Court may, among
other things, "order payment of the reasonable expenses,
including attorney's fees, caused by the failure," or may impose
"other appropriate sanctions" fit for the circumstances.  FED. R.
CIV. P. 37(c)(1)(A)-(C); see also FED. R. CIV. P. 37(b)(2)(A)(i)-
(iv) (providing a nonexhaustive lists of other appropriate
sanctions).

Circuit directs district courts to consider an array of factors, including: (1) the prejudice or surprise to the party against whom the evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which permitting the evidence might disrupt the orderly and efficient administration of the case; (4) the bad faith or willfulness, if any, that accompanies the untimely disclosure; and (5) the overall importance of the evidence proposed for exclusion (hereinafter, the "Pennypack factors"). See, e.g., Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000); Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997); Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904 (3d Cir. 1977).   Although exclusion constitutes a drastic and generally disfavored remedy, the decision of whether to allow evidence from a previously unidentified witness ultimately rests within the discretion of the district court in applying the appropriate rule.   See Otsuka Pharm. Co. v. Torrent Pharm. Ltd., Inc., ___ F. Supp. 3d _____, No. 14-1078, 2015 WL 5665771, at *8 (D.N.J. Sept. 25, 2015) (citing In re TMI Litig., 193 F.3d 613, 663 (3d Cir. 1999)).

       7.   **Discussion**.   Defendants provide little, if any, explanation for their failure to identify and disclose eight separate employees whose roles and testimonies for this case Defendants now deem to be "obvious."   Rather, Defendants simply

8

chalk up their own error to a harmless circumstance, because the declarants advance little more than Defendants' long held position on the undue burden associated with Plaintiff's requested accommodation.  (See generally Defs.' Strike Opp'n at 3-8.)  Nevertheless, Defendants' excuse for its own conduct is hollow and plainly misses the mark.  The Court will address each grouping of declarations, e.g., the Sicklerville declarants and the Bridgeton declarants, in turn.

8.  **Sicklerville Declarants**.  Despite Defendants' failure to timely identify the Sicklerville declarants, the Court finds their exclusion unwarranted.  Indeed, because the summary judgment submissions center upon the operational needs of the Sicklerville location, long the subject of dispute in this case, the Court discerns no unfair surprise or incurable prejudice in Defendants' proffer of the subject matter of this obviously relevant (and arguably critical) evidence.  The identities of these witnesses and the particular information each brings to the case, however, are a surprise, but one that can be cured. Nor does the incidental disruption associated with this evidence (marked, most especially, by an additional delay in the resolution of Defendants' summary judgment motion) tip the scales sufficiently in favor of exclusion.  Finally, although Defendants' conduct reeks of carelessness and neglect, the Court finds no obvious indication of bad faith.  For all of these

reasons, the Court finds that the Pennypack factors weigh

against total exclusion of the Sicklerville declarants.

9.    Nevertheless, in view of Defendants' reliance upon

these previously-unidentified witnesses, and in order to cure

the prejudice associated with Defendants' late-stage

introduction of new evidence, the Court will allow Plaintiff to

depose the Sicklerville declarants on the contents of their

declarations and reasonably related facts for no more than 60

minutes each.  See, e.g., E.M. Sergeant Pulp & Chem. Co. v.

Travelers Indem. Co. Inc., No. 12-1741, 2015 WL 9413094, at *7

(D.N.J. Dec. 22, 2015) (finding exclusion unwarranted, and

opting instead to reopen discovery).  Moreover, because the need

for this additional discovery resulted exclusively from

Defendants' own conduct, the Court will require Defendants to

bear the costs associated with these additional depositions, as

explained, in greater detail, in the Order accompanying this

Memorandum Opinion.  See FED. R. CIV. P. 37(c)(1) (explaining that

courts may impose appropriate monetary sanctions in addition to,

or in lieu of, exclusion).

10. **Bridgeton Declarants.**  The Court reaches a different

result, however, with respect to the Bridgeton declarants.

Indeed, the declarations of the Bridgeton declarants purport to

accomplish little more than "illustrate the consistency of

operations of Dollar General Stores."  (Defs.' Strike Opp'n at

6.)   In other words, these declarations can hardly be described as central evidence to Defendants' defense, much less vital evidence.  ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 298 (3d Cir. 2012) (citation omitted) (explaining that the "importance of the evidence" constitutes "often the most significant factor").  Rather, they are, quite simply, cumulative.

11.  More importantly, though, these declarations describe current operational conditions at a different Dollar General location, i.e., one not in play in this litigation.  For that reason too, their late introduction necessarily comes as a significant surprise and presents clear incurable prejudice. Neither party previously indicated that the Bridgeton store's practices have a bearing on this case.  In that way, given that the Court will permit Defendants to present new evidence from the five Sicklerville declarants, the addition of these three additional and cumulative witnesses would impose too great of a burden on Plaintiff far too late in the lifecycle of this litigation.[8]  These circumstances then become all the more

---

[8] Unlike the Sicklerville declarants, depositions alone would prove inadequate to cure the palpable prejudice to Plaintiff, because the introduction of the Bridgeton declarants would conceivably open a Pandora's Box of additional inquiry into the propriety of the comparison between Sicklerville and Bridgeton. In other words, the introduction of this issue presents an inquiry that could have been, and should have been, explored during the lengthy period of pretrial factual discovery, not over one year later.  Even more importantly, though, the Sicklerville declarants appear to answer all of the questions

amplified by Defendants' failure to provide any justification, much less a convincing one, for their flagrant discovery violation.

12. For all of these reasons, the Court finds that the _Pennypack_ factors favor exclusion of the Bridgeton declarants. Likewise, the Court finds under Rule 37(c)(1) that this late disclosure is not "substantially justified" or "harmless."

13. **Conclusion**. In sum, Defendants' motion to strike will be denied, and Plaintiff's motion to exclude will be granted in part and denied in part upon conditions of making these declarants available for depositions at Defendants' expense, as explained above. In view of the Court's decision, Defendants' summary judgment motion, which principally relies upon the testimony of undisclosed witnesses, is deficient. A movant may not conceal the identities of its own employee-witnesses for several years of pretrial discovery and then lift the veil after the end of discovery when it seeks summary judgment based upon their testimony. Therefore, the Court will administratively terminate Defendants' summary judgment motion, with the right to reinstatement in accordance with the Order accompanying this Memorandum Opinion.

---

most germane to this litigation, because they directly address the operational realties actually implicated by this action.

14.   An accompanying Order will be entered.


**February 9, 2016**                    **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge